**ASSOCIATES DISCOUNT CORPORA-
TION, Plaintiff,**

v.

**Sophie GOLDMAN, Administratrix of the
Estate of Maurice Goldman, Deceased,
and Sophie Goldman, individually, De-
fendants.**

**Civ. A. No. 68–556.**

United States District Court,
W. D. Pennsylvania.

March 4, 1971.

Reed J. Davis and Arthur R. Gorr, Pittsburgh, Pa., for plaintiff.

Paul H. Titus, Gordon D. Fisher, Sholom Comay, Pittsburgh, Pa., for defendants.

## OPINION

WEBER, District Judge.

In 1967, Max Goldman and Maurice Goldman, partners, doing business as M & M Auto Sales, instituted suit in this court against Associates Discount Corporation on claims arising out of business dealings between the partnership and the defendant. The defendant brought a Counter-claim against the partnership and each of the partners for monies claimed due it out of the same transactions. In 1968 in two separate actions Associates Discount Corporation also brought suit against each individual partner and his wife for debts arising out of the same transactions for which each partner and his wife had allegedly executed a Continuing Guaranty agreement. We are here concerned with the suit brought at the above civil action number against Maurice Goldman and Sophie Goldman, his wife, by Complaint filed May 20, 1968 based on the Continuing Guaranty agreement allegedly executed by them on April 6, 1966, a copy of which was attached to the Complaint.

The above three actions were consolidated on one record and proceeded through the stages of discovery and pretrial.

The defendant Maurice Goldman died February 6, 1969 and his widow, co-defendant Sophie Goldman as Administratrix of his estate was substituted for him as a defendant in this action.

In all of the actions Samuel M. Rosenzweig, Esq., who had originally filed the Complaint on behalf of Max and Maurice Goldman, partners, trading as M & M Auto Sales, against Associates Discount Corporation, represented all of the Goldman interests. He appeared and filed the Answers on behalf of all defendants when Associates Discount Corporation brought its separate suit against each partner and his wife.

The case was called for trial before the undersigned on September 21, 1970, and the Court was informed that the parties had arrived at an amicable settlement. On the 25th day of September 1970, a Stipulation of Counsel was filed in the above captioned action that judgment be entered in favor of the plaintiff Associates Discount Corporation against Sophie Goldman, Administratrix of the Estate of Maurice Goldman, deceased, and Sophie Goldman, individually, in the sum of $36,956.80, and said judgment was entered accordingly on the 28th day of September 1970. As part of said Stipulation it was agreed that certain judgments recorded in the prothonotary's Office of Allegheny County, Pennsylvania, at Nos. 2344 January Term, 1966, and 3596 April Term, 1967 be satisfied in that the obligations are encompassed in the within judgment.

After the entry of said judgment, plaintiff proceeded to issue execution. Defendant Sophie Goldman then appeared with new counsel and filed a Motion to Vacate the Judgment under Rule 60(b) and a Motion to Stay Execution and Further Proceedings under Rule 62(b) until disposition of the Motion to Vacate Judgment. Execution was stayed and the Court has heard argument and considered the briefs of the parties on the Motion to Vacate Judgment.

In her Motion to Vacate Judgment, Sophie Goldman represented that she had no knowledge of the Stipulation of Counsel by which the above suits were settled and judgment entered against her individually and never consented to them. She also alleges a conflict of interest on the part of the counsel representing her in the within action by reason of the fact that the cause of action being asserted against her was a secondary liability based on a Continuing Guaranty agreement for a debt, the primary responsibility for which was the business partnership between her husband Maurice Goldman and his brother Max Goldman whose interests were being represented by the same counsel. Sophie Goldman further avers that she never signed the Continuing Guaranty agreement upon which the suit against her individually is based and the signature purported to be hers is in fact a forgery. The affidavit of Sophie Goldman in support of the motion further avers that while she was aware of legal proceedings between Associates Discount Corporation and M & M Auto Sales of which her husband was a partner, all matters in connection with said litigation were handled by Samuel M. Rosenzweig, Esq., the attorney representing her husband and his business partner. She further avers that at no time prior to the entry of judgment did she have any knowledge that liability was being imposed on her individually by reason of the Continuing Guaranty and that at no time until after the entry of judgment was she aware of the existence of a Continuing Guaranty agreement carrying her purported signature.

The plaintiff has shown that a copy of the complaint in the present action, which contained a copy of the Continuing Guaranty agreement with her signature, was served upon her as well as her husband individually by leaving the same at her residence with an adult member of her family and that, therefore, she had knowledge of the cause of action asserted against her. Sophie Goldman's further affidavit avers that the Complaint was served upon Fannie Lempert, her mother, a 92 year old woman who has been in failing mental health and that she never personally received or saw the complaint in the within matter until after the judgment was entered against her. Sophie Goldman further avers that she never retained Samuel M. Rosenzweig as her lawyer, that she never asked him to represent her, that Mr. Rosenzweig never billed her for legal services, and that she always regarded Mr. Rosenzweig as the lawyer for her late husband Maurice Goldman and his brother Max Goldman in matters involving their partnership. She avers that she never considered whether she should have her own separate legal counsel until after she was informed of the entry of judgment against her.

It is to be noted that the sole purpose of the new separate lawsuits brought by Associates Discount Corporation against each individual partner and his wife was to secure the liability of the wives along with the husbands so that any property held by entireties between husbands and wives would be subject to execution to satisfy any judgment rendered in favor of Associates in these consolidated legal actions. There was no necessity of bringing a separate suit against either husband alone for the partnership obligations because that claim had been asserted in the Counter-claim filed by Associated Discount Corporation as defendants in the 1967 action brought by M & M. Auto Sales. Likewise, the individual debts of Maurice Goldman and Max Goldman were represented by judgments entered against them in the Court of Common Pleas of Allegheny County, Pennsylvania.

We, therefore, have a cause of action asserting an individual liability against Sophie Goldman in which she was served with a Complaint but where she relied entirely upon her husband and the attorney selected by him for her defense. An

Answer filed to the Complaint on her behalf did not deny the genuineness of her signature on the Continuing Guaranty agreement. While she did not engage counsel to act on her behalf she relied upon her husband to engage counsel for her, and her husband, as her agent, engaged the attorney who was already occupied with the litigation concerning the primary liability of the business partnership. This situation continued for over a year until the death of her husband when she was appointed Administratrix of his estate and became responsible for the representation of her husband's estate as well as herself individually. Thereafter the matter continued for another year until the case was called for trial and the settlement agreed upon.

The grounds for relief under Fed.R. of Civ.P. 60(b) upon which Plaintiff moves for relief are:

60(b) (1) mistake, inadventence, surprise or excusable neglect.

60(b) (2) newly discovered evidence.

60(b) (3) fraud, misrepresentation or other misconduct of an adverse party.

60(b) (6) any other reason justifying relief from the operation of the judgment.

Only one of the reasons advanced by petitioner Sophie Goldman commands our action. Sophie Goldman represents, and the documentary evidence of the Continuing Guaranty agreement shows that her purported signature to the Continuing Guaranty agreement was individually and separately witnessed by an individual alleged to be an employee of the Plaintiff, Associates Discount Corporation. Her neglect to act in her own interest, and her lack of diligence in discovering the new evidence which she now proffers are overcome in our view by the proffer of evidence to show that an employee of plaintiff signed the Continuing Guaranty on the line opposite her purported signature as witness to her signature. If the purported signature is in a fact a forgery, as she claims, then an employee of plaintiff participated in some degree in the fraud or misrepresentation.

We deem this sufficient misconduct of an adverse party to support the grant of relief under Fed.R. of Civ.P. 60(b) (3).

We will, therefore, grant petitioner Sophie Goldman relief from the judgment entered against her individually at Civil Action No. 68–556 to the extent of allowing her to present evidence in her defense to show that her signature to the Continuing Guaranty was in fact a forgery and that the forged signature was attested to by a subscribing witness who was an employee of the plaintiff.